UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-14266-MARTINEZ/MAYNARD

KURT ALLEN RAY,

    Plaintiff,

v.

DR. KAREN ANN HILL,
a/k/a Karen Ann Hill, a/k/a Karen Ann Ray,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, FOR JUDGMENT AGAINST PLAINTIFF KURT ALLEN RAY, AND FOR ATTORNEY'S FEES AND COSTS [DE 56]**

**THIS CAUSE** comes before the Court upon the above referenced Motion (DE 56). Upon review of the Motion, the record, and the applicable law, this Court recommends that the Motion be denied.

### BACKGROUND

On July 21, 2017, Plaintiff Kurt Allen Ray ("Plaintiff"), proceeding pro se, initiated this matter asserting claims for defamation and intentional infliction of emotion distress against his sister, Dr. Karen Ann Hill ("Defendant"), and a claim for defamation against his nephew, Defendant's son Bruce Gordon Hill ("Mr. Hill"). *See generally* DE 1. The claims stem from statements Defendant and/or Mr. Hill allegedly made relating to Plaintiff's purported theft of assets from the estate of Plaintiff and Defendant's mother, Sarah Ray, during the time Plaintiff served as Personal Representative of the estate. *Id.*

After two rounds of Motions to Dismiss and Amended Complaints, this matter proceeded with only the claim for defamation against Defendant remaining. Plaintiff's claim for intentional

infliction of emotional distress against Defendant was dismissed with prejudice on May 18, 2018,[1] DE 29, and the defamation claim against Mr. Hill was dismissed with prejudice and he was dismissed from the case as a named party-defendant on November 8, 2018, DE 46.

On February 22, 2019, based on Defendant's telephonic representation that the parties had settled this matter, the Court issued an Order on Telephonic Notice of Settlement and Denying All Pending Motions as Moot. DE 53. The Court ordered that the parties file either a Notice or Stipulation of Dismissal, as appropriate; directed the Clerk of the Court to deny all pending motions as moot; and administratively closed the case. *Id.*

Four days later, on February 26, 2019, the parties filed a Joint Stipulation for Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). DE 54. The parties stipulated to dismissal of this matter with prejudice "in consideration of a negotiated settlement agreement executed by the parties." *Id.* The Stipulation is signed by Plaintiff; Plaintiff's wife and non-party Nancy Ray ("Mrs. Ray");[2] and attorney Andrew P. Cummings ("Mr. Cummings") on behalf of "Defendants." *Id.* Two days later, on February 28, 2019, the Court issued a Final Order of Dismissal with Prejudice and Order Denying All Pending Motions as Moot. DE 55. Upon the parties' Stipulation, the Court ordered this action dismissed with prejudice and stated "[t]he Court shall retain jurisdiction to enforce the terms of the Parties' settlement agreement." *Id.*

Defendant and Mr. Hill filed the instant Motion to Enforce Settlement Agreement, for Judgment Against Plaintiff Kurt Allen Ray and for Attorney's Fees and Costs ("Motion") on

---

[1] Although this claim was dismissed with prejudice, Plaintiff reasserted it in filing his Second Amended Complaint. *See* DE 30. In answering the pleading, Defendant stated that no response was required to the claim as it had been dismissed with prejudice and that Plaintiff had represented that a Notice of Voluntary Dismissal as to the claim would be filed. DE 31 at ¶ 66. No such Notice was ever filed.

[2] Although she was never a named party in this case, as explained in the instant Motion, Mrs. Ray entered into the settlement agreement with Plaintiff, Defendant, and Mr. Hill. *See* DE 56 at 3; *see also* DE 56-1. The Court presumes her involvement in the settlement agreement is why she also signed the Stipulation.

2

March 5, 2020. DE 56. The Motion recounts the procedural history of this case, the terms of the settlement agreement, and details of Plaintiff's behavior since this matter settled. *See id.*

Under the terms of the settlement agreement, executed between Defendant, Mr. Hill, Plaintiff, and Mrs. Ray and filed at DE 56-1, Plaintiff and Mrs. Ray "agree to refrain from any future contact with any of the Released Parties (as defined below), whether by personal visit, email, electronic or text message, telephone, . . . or any other communication means" unless otherwise provided by such 'Released Party" previously in writing. DE 56-1 at ¶ 7.a. "Released Parties" is defined as Defendant, Mr. Hill, and "their heirs, assigns, agents, spouses, partners (domestic or otherwise), affiliates, in-laws, siblings, descendants, successors, personal representatives, and attorneys." *Id.* at ¶ 7.b. The agreement continues that "if any legal action or other proceeding is brought for the enforcement of this Agreement . . . the successful or prevailing party or parties will be entitled to recover reasonable attorneys· fees, court costs and all expenses . . . in addition to any other relief to which such party or parties may be entitled." *Id.* at ¶ 14. It also provides that if Defendant or Mr. Hill bring or defend an action to enforce the settlement agreement, should they prevail, they " shall be entitled to recover the sum of $25,000 as liquidated damages and not as a penalty, in addition to any and all attorneys' fees, court costs and expense." *Id.* at ¶ 14. Paragraph 17 of the agreement states "[t]he Court shall retain jurisdiction to enforce the terms of this Agreement." *Id.* at ¶ 17.

While the Motion makes mention of an unwanted call from Plaintiff to Defendant on September 6, 2019, DE 56 at 6 and DE 56-2, it is mostly concerned with a number of communications from Plaintiff directed to Steven Leigh Ray ("Steven")—brother of Plaintiff and Defendant—and Steven's wife, Joy Ray ("Joy") made between August 20, 2019 and January 28,

3

2020. *See generally* DE 56. Defendant[3] provides transcripts of seven voicemail messages Plaintiff left for either Steven or Joy, and a copy of one letter sent to Joy, all of which, Defendant contends, display outrageous conduct, contain profanity, and exhibit threats of extortion or physical violence. *Id.* Defendant argues that Steven and Joy constitute "Released Parties" under the settlement agreement such that Plaintiff and Mrs. Ray's contact or attempted contact with them violate the terms of the agreement. *Id.*

Based on these purported breaches, Defendant requests the court enter a judgment against Plaintiff. *Id.* at 14. Specifically, pursuant to the provisions of the agreement, Defendant requests $25,000.00 representing liquidated damages and attorney's fees and costs in the total amount of $7,439.15. *Id.*

## DISCUSSION

Before the Court can address the substantive arguments made in the Motion, it must first ensure it has subject matter jurisdiction to enforce the settlement agreement in this case, as requested by Defendant. *See Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) (noting that "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"); *see also McDonal v. Abbott Labs*., 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction sua sponte.").

**I.    The Supreme Court's Decision on Jurisdiction to Enforce Settlement Agreements in *Kokkonen***

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only the power authorized by the Constitution and statute, and that power cannot be expanded by judicial decree. *Id.* Under certain

---

[3] While the instant Motion is brought on behalf of both Defendant and former-Defendant Mr. Hill, the Court refers to Defendant alone in discussing the Motion only for clarity and simplicity.

4

circumstances, however, a federal court's jurisdiction may be predicated upon ancillary jurisdiction, which recognizes a court's jurisdiction over some matters that are incidental to an action properly before it where the matters are factually interdependent and jurisdiction enables the court to manage its proceedings and effectuate its decrees. *Id.* at 378-80; *see also Otegui v. City Works Constr. LLC*, No. 14-21057-CIV, 2017 WL 945638, at *2 (S.D. Fla. Jan. 17, 2017).

In *Kokkonen v. Guardian Life Insurance Company of America*, the Supreme Court considered whether a district court had ancillary jurisdiction to enforce a settlement agreement after a case was dismissed. *See generally* 511 U.S. 375. In that case, the parties executed a stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which the district court subsequently signed under the notation "It is so ordered." *Id.* at 376-77. After a dispute and upon motion from a party, the district court entered an order enforcing the settlement. *Id.* at 377. That order was appealed on the grounds, *inter alia*, that the court lacked subject matter jurisdiction to enforce the agreement. *Id.*

On review, the Supreme Court stated, "enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. It first noted that neither Rule 41 nor any provision of law provides for jurisdiction over disputes arising out of the agreement that produced the stipulation dismissing the case. *Id.* The Court then held that the enforcement of a settlement agreement falls outside of the scope of the federal courts' ancillary jurisdiction, even when the court had jurisdiction to hear the underlying case. *Id. at* 380. It did, however, reason that a district court could retain jurisdiction to enforce a settlement agreement with consent of the parties and of the court, provided the district court issues an order requiring compliance with the settlement agreement. *Id.* at 381-82.

## II.     The Eleventh Circuit's Interpretation of *Kokkonen*

The United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") examined *Kokkonen* and Rule 41(a)(1)(A)(ii) dismissals at length in *Anago Franchising, Incorporated v. Shaz, LLC ("Anago")*, 677 F.3d 1272, 1275 (11th Cir. 2012). In that case, the Eleventh Circuit considered whether a district court may enter an order retaining jurisdiction over a settlement agreement after a stipulation of dismissal is effectuated. *Anago*, 677 F.3d at 1275. Because the procedural posture of that case is nearly identical to the case presently before the Court, the Court recounts it in detail.

The parties to the underlying suit in *Anago* resolved their conflict in mediation and entered into a final settlement agreement. *Id.* at 1274. Approximately three weeks later, the district court ordered the case administratively closed, directed the parties to file "a Stipulation for Final Order of Dismissal," and noted it would enter an order dismissing the case after the stipulation was filed. *Id.* Pursuant to the settlement agreement, the parties filed a stipulation for dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii)[4]. The agreement was signed by the attorneys representing each of the parties, stated that all parties agreed to dismiss the entire matter with prejudice, and included "the Court shall reserve jurisdiction to enforce the settlement between the parties pursuant to the terms contained therein." *Id.* The parties also filed a Joint Motion for Entry of Final Judgment by Consent. *Id.* A week later, the district court signed the proposed consent final judgment provided by the parties, which did not mention the stipulation of dismissal or the settlement agreement. *Id.* at 1275.

---

[4] The *Anago* stipulation for dismissal referenced Federal Rule of Civil Procedure "41(a)(1)(A)(ii) and (2)." 677 F.3d at 1274. The Eleventh Circuit determined that the parties made an "obvious drafting mistake" by citing two different modes of dismissal—voluntary dismissal under Rule 41(a)(1) and dismissal by court order under Rule 41(a)(2). *Id.* at 1276. Upon *de novo* review, based on the document's styling as a "stipulation" and its content the Eleventh Circuit found the parties intended their dismissal to be pursuant to Rule 41(a)(1)(A)(ii) and that reference to Rule 41(a)(2) was in error. *Id.* at 1276-77.

After months of nonpayment, allegedly in breach of the settlement agreement, the bereft parties filed a motion to compel compliance with the settlement agreement. On referral, the magistrate judge recommended the motion be denied because the nonpayment was in response to a prior breach of the agreement. *Id.* In so recommending, the magistrate judge found that the case had not been dismissed because the final judgment did not order the clerk to dismiss the case. *Id.* The district judge adopted the magistrate judge's findings, denied the motion on the merits, and an appeal followed. *Id.*

In *Anago*, the Eleventh Circuit first examined dismissals under Federal Rule of Civil Procedure 41(a). *See id.* at 1275-78. Rule 41(a) contemplates the mechanisms by which a plaintiff may voluntarily dismiss an action. *See* Fed. R. Civ. P. 41(a). While a plaintiff may ask the court to dismiss an action at any time, *id.* at 41(a)(2), there are two instances when a plaintiff may dismiss an action voluntarily without a court order, *id.* at 41(a)(1). First, the plaintiff can file a notice of dismissal before the opposing party serves an answer or motion for summary judgment, *id.* at 41(a)(1)(A)(i), or second, a plaintiff can dismiss an action at any time during the litigation by filing a stipulation of dismissal signed by all parties who have appeared, *id.* at 41(a)(1)(A)(ii). Although it was established that a notice of dismissal under Rule 41(a)(1)(A)(i) "is effective immediately upon filing," *see Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam), prior to *Anago* the Eleventh Circuit had not directly addressed whether a stipulation filed pursuant to Rule 41(a)(1)(A)(ii) is similarly self-executing. Based on the plain language of the Rule, and in line with its sister circuits, the Eleventh Circuit found that, unless explicitly conditioned on a subsequent occurrence, a Rule 41(a)(1)(A)(ii) stipulation dismisses the case upon becoming effective, which is upon filing. *Anago*, 677 F.3d at 1278. The court concluded that "[d]istrict courts need not and may not take action after the stipulation becomes effective because the

stipulation dismisses the case and divests the district court of jurisdiction." *Id.* (citing *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 464 (5th Cir. 2010) (per curiam)).

Turning to *Kokkonen*, the Eleventh Circuit then considered whether a court's order retaining jurisdiction over a settlement agreement entered *after* the filing of a Rule 41(a)(1)(A)(ii) stipulation can have any effect. *Id.* at 1279. In light of the plain language of Rule 41, the court interpreted *Kokkonen* to allow a district court to retain jurisdiction through an order, even if the parties dismiss the case through use of Rule 41(a)(1)(A)(ii), so long as the parties agree to the retention of jurisdiction. Critically, however, "[b]ecause a court has no power to enter orders after a Rule 41(a)(1)(A)(ii) stipulation becomes effective . . . the court must enter the order retaining jurisdiction before the stipulation becomes effective." *Id.* at 1280. The court found two ways a district court could retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii): "either (1) the district court must issue the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction." *Id.*

### III.  Applying *Anago* to this Case

This Court now turns to consider whether either of the two circumstances set out in *Anago* occurred in this case, beginning with the second. The Court would have jurisdiction to enforce the settlement agreement if the parties conditioned the effectiveness of their stipulation of dismissal on the district court's entry of an order retaining jurisdiction. *Anago*, 677 F.3d at 1280. The parties filed their Joint Stipulation for Dismissal with Prejudice on February 26, 2020. DE 54. The Stipulation states, in its entirety:

> Kurt Allen Ray, *Pro Se*, and Dr. Karen Ann Hill a/k/a Dr. Karen Anne Hill a/k/a Dr. Karen Ray, through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) hereby stipulate, in consideration of a negotiated settlement agreement executed by the parties, to the Dismissal with Prejudice of this action including all claims stated herein against all parties, with each party to bear its own attorney's fees and costs.

*Id.* The Stipulation is signed by Plaintiff, who was proceeding in this matter pro se, and Mr. Cummings on behalf of Defendant and Mr. Hill.[5] Thus, the Stipulation was "signed by all parties who have appeared" as required by Rule 41(a)(1)(A)(ii). While it mentions the settlement agreement, the Stipulation does not make its effectiveness contingent on any future action, let alone an order from the Court retaining jurisdiction to enforce the settlement agreement. Absent such a condition, the Stipulation was effective upon filing, and this matter was dismissed with no order from the Court necessary on February 26, 2020. *Anago*, 677 F.3d at 1278.

Because the Stipulation of Dismissal in this case was effective on filing, any order to retain jurisdiction issued after that point would be "superfluous" and have no effect. *See SmallBizPros, Inc*, 618 F.3d at 463. In this case, two days after the Stipulation, on February 28, 2020, the Court issued its Final Order of Dismissal with Prejudice and Order Denying All Pending Motions as Moot. DE 55. In its entirety, that Order states:

> THIS MATTER is before the Court upon the Parties' Joint Stipulation for Dismissal with Prejudice [ECF No. 54]. It is
>
> ADJUDGED that this action is DISMISSED with prejudice. Each party shall bear its own attorney's fees and costs. *The Court shall retain jurisdiction to enforce the terms of the Parties' settlement agreement.* It is also:
>
> ADJUDGED that all pending motions in this case are DENIED AS MOOT, and this case is CLOSED.

---

[5] Although Mr. Hill had been dismissed from this matter, his name is included in the caption on top of the Stipulation and Mr. Cummings signed the Stipulation as "Counsel for the *Defendants*." DE 54 (emphasis added).

9

*Id.* (emphasis added). In the instant Motion, Defendant notes and presumably relies on the Court's statement that it "shall retain jurisdiction to enforce the terms of the Parties' settlement agreement." *See* DE 56 at 3. However, under *Anago*, such reliance is misplaced. Because the stipulation of dismissal of this case was effective upon filing, the stipulation stripped the court of jurisdiction and the ability to retain jurisdiction through court order. *Anago*, 677 F.3d at 1279 ("[A] district court cannot retain jurisdiction by issuing a postdismissal order to that effect."); *see also Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (stating that once a stipulation is filed pursuant to Rule 41(a)(1)(A)(ii), all action on the merits of the case is terminated).

While the Court cannot establish jurisdiction through a postdismissal order, the other circumstance under *Anago* in which the court would have jurisdiction to enforce the settlement agreement in this case is if the Court issued an order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation. *Anago*, 677 F.3d at 1280. Upon review of the docket, no such order was issued. The first indication in the record that this matter had settled was the Order issued by the Court on February 22, 2019. DE 53. In that Order, based on representations from Defendant that the matter had settled, the Court ordered the parties to "file either a Notice of Dismissal (if the Defendant has not served an answer or motion for summary judgment) or a Stipulation of Dismissal (signed by all parties who have appeared in this action), . . . a proposed Order of Dismissal or Final Judgment; and any other documents necessary to conclude this action within thirty (30) days." *Id.* The Order makes no mention of the settlement agreement, retaining jurisdiction to enforce the settlement agreement, or *Kokkonen*. *See id.* Four days later, the next filing on the record is the parties Joint Stipulation for Dismissal with Prejudice which, as discussed above, dismissed this action upon filing. *See Anago*, 677 F.3d at 1278. There is no Court order on the record between the initial February 19, 2019 Order and February 22, 2019 Stipulation of

Dismissal in which the Court expressly retained jurisdiction over the settlement agreement in this case.

Neither of the circumstances identified by the Eleventh Circuit in *Anago* occurred in this case, and the Court, therefore, lacks subject matter jurisdiction to enforce the settlement agreement. The Court did not issue an order retaining jurisdiction to enforce the agreement before the parties filed their self-executing Stipulation of Dismissal, nor was their Stipulation of Dismissal conditional on the Court's retention of jurisdiction over the settlement agreement. "Absent such action, . . . enforcement of the settlement agreement is for state courts." *Kokkonen*, 511 U.S. at 382 (1994).

ACCORDINGLY, this Court recommends to the District Court that Defendants' Motion to Enforce Settlement Agreement, for Judgment Against Plaintiff Kurt Allen Ray and for Attorney's Fees and Costs (DE 56) be **DENIED.**

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 30th day of October, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE

cc:  Counsel of Record (via CM/ECF "NEF")

   Kurt Allen Ray, pro se
   4648 E 56 Court
   Tulsa, OK 74135